**TIMOTHY J. RYAN, ESQ.  SBN: 101309**
**TIMOTHY J. RYAN & ASSOCIATES**
ATTORNEYS AT LAW
8072 WARNER AVENUE
HUNTINGTON BEACH, CALIFORNIA 92647
TELEPHONE (714) 898-4444
FACSIMILE (714) 891-5802
EMAIL: tim@tjryanlaw.com

**CHRIS W. ROYER**
**KRUPNICK CAMPBELL MALONE BUSER SLAMA HANCOCK, P.A.**
12 SE 7TH STREET – SUITE 801
FT. LAUDERDALE, FLORIDA 33301
TELEPHONE (954)712-8636
FACSIMILE (954)763-8292
EMAIL: croyer@krupnicklaw.com

Attorneys for Plaintiffs
MIRIAM AMAYA and MARGARITO MARTINEZ

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MIRIAM AMAYA and MARGARITO MARTINEZ, her husband,<br><br>          Plaintiffs,<br><br>v.<br><br>PRINCESS CRUISE LINES, LTD., AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>          Defendant.<br><br><br>          Defendants, | CASE NO.: **'23CV0790 AHG NLS**<br><br>COMPLAINT FOR PERSONAL INJURIES UNDER FEDERAL TORT CLAIMS ACT<br>(28 USC 1346, et seq.)<br><br>DEMAND FOR JURY TRIAL |

COME NOW Plaintiffs, MIRIAM AMAYA and MARGARITO MARTINEZ, her husband, by and through their undersigned counsel, and sue Defendant, PRINCESS CRUISE LINES, LTD, and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     This is an action for damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), and the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1333 and the General Maritime Laws of the United States.

3.     Venue is proper in this District pursuant to the venue selection clause in the Passenger Contract Ticket.

4.     Pursuant to said clause, notice letters were served October 14, 2022 and October 17, 2022 (Composite Exhibit "A") upon Defendant, PRINCESS CRUISE LINES, LTD.

5.     At all times material hereto, Plaintiffs, MIRIAM AMAYA and MARGARITO MARTINEZ, her husband, were citizens and residents of the Satellite Beach, Brevard County, Florida.

6.     At all times material hereto, Defendant, PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), had a principal place of business in Santa Clarita, California, and at all times was the owner/operator of the vessel, Regal Princess.

## GENERAL ALLEGATIONS

7.     On or about May 7, 2022, Plaintiffs, MIRIAM AMAYA and MARGARITO MARTINEZ, were ticketed passengers onboard the PRINCESS cruise vessel, Regal Princess.

8.     On or about May 8, 2022, Plaintiff, MIRIAM AMAYA, went to the onboard medical center, advised them she had received a cortisone shot on May 4, 2022 in her right knee, that she had bumped her right knee on the edge of the toilet on May 6, 2022 while at the onshore hotel and was complaining of pain in her right knee.  She was told there was nothing wrong by medical staff.  Plaintiff, MIRIAM AMAYA, was not seen by a physician during this visit.

//

9.     On or about May 10, 2022, Plaintiff, MIRIAM AMAYA, went back to the onboard medical center complaining of pain in her right knee and was told by medical staff to continue with anti-inflammatory and pain medication - Plaintiff, MIRIAM AMAYA, was not seen by a physician during this visit.

10.     On or about May 12, 2022, upon arriving in port at Istanbul, Turkey, Plaintiffs left the ship in an attempt to seek medical treatment in Istanbul, but because of severe traffic and pain, Plaintiffs were not able to and returned to the Regal Princess to again seek medical care and attention from the onboard medical center.  Plaintiffs again went to the onboard medical center.  Again, medical staff advised they did not see anything wrong with Plaintiff, MIRIAM AMAYA's right knee.  Plaintiff, MIRIAM AMAYA, was again not seen by a physician during this visit.

11.     On or about May 13, 2022, upon arriving in port at Mykonos, Greece, Plaintiffs again left the ship and sought care and treatment for the right knee from a local physician, who took plain film x-rays and determined there was no fracture and to monitor.

12.     On or about May 14, 2022, due to continued pain and swelling, Plaintiffs attempted to disembark while the ship was in port at Athens, Greece.  Plaintiffs' intent was to get a flight back to the United States for medical care.  Disembarkment was refused by the Defendants' agents.

13.     On or about May 15, 2022, while anchored outside of Santorini, Greece, Plaintiffs again went to guest services to try and disembark to fly back to the United States for medical treatment, but were told they could not, until a ship's physician had given clearance to disembark.  Eventually, Plaintiffs were escorted from their cabin to the onboard medical center where MIRIAM AMAYA was evaluated by a physician.  An infection was diagnosed.  An antibiotic was administered.  The physician made arrangements for Plaintiffs to disembark and they were flown from the Santorini area airport to Barcelona, Spain.  Due to Plaintiff, MIRIAM AMAYA's condition, she was unable to continue travel from Barcelona airport to the United States.  Instead, she was transferred emergently to a hospital in Barcelona, Spain.

14.   On or about May 16, 2022, while in Barcelona, Spain, the Plaintiff, MIRIAM AMAYA, underwent surgery for a serious infection in her right leg and has undergone several surgeries thereafter, culminating with the replacement of her right knee.

## COUNT I

## NEGLIGENCE MEDICAL CARE AND TEATMENT

## AGAINST PRINCESS CRUISE LINES, LTD

Plaintiff, MIRIAM AMAYA, readopts and realleges each and every allegation contained in paragraphs (1) through (14) as though fully set forth herein and further alleges as follows:

15.   At all times material hereto, Defendant, PRINCESS, and its shipboard employees, agents, and/or apparent agents owed a duty to the Plaintiff, MIRIAM AMAYA, to provide prompt and appropriate medical care in response to the symptoms which the Plaintiff presented to the Defendant.

16.   Defendant, PRINCESS, by and through its employees, including the ship's nurses, physicians and medical personnel, breached the duty of care which it owed to Plaintiff, MIRIAM AMAYA, and was negligent in one or more of the following manner:

(a)   Defendant, PRINCESS, failed to properly assess the condition of the Plaintiff, MIRIAM AMAYA;

(b)   Defendant, PRINCESS, failed to properly care for and treat the Plaintiff, MIRIAM AMAYA;

(c)   Defendant, PRINCESS, by and through its medical personnel, failed to notify the medical physician so he/she could appropriately assess the Plaintiff, MIRIAM AMAYA's condition;

//

//

(d)    Defendant, PRINCESS, failed to make the proper medical decisions to promptly evacuate the Plaintiff, MIRIAM AMAYA, from the vessel to a land-based hospital in a timely manner for treatment of her injury; and,

(e)    Defendant, PRINCESS, failed to consult with appropriate shore-based physician(s) concerning Plaintiff, MIRIAM AMAYA's condition.

17.    As a direct and proximate result of the negligence of Defendant, PRINCESS, as described above, Plaintiff, MIRIAM AMAYA, suffered extensive damage to her right knee, which is permanent and will require ongoing treatment in the future.

18.    As a further result of Defendant, PRINCESS' negligence, Plaintiff, MIRIAM AMAYA, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of capacity to earn money, and aggravation of a known or unknown previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, MIRIAM AMAYA, demands judgment against Defendant, PRINCESS, for compensatory damages, including prejudgment interest, if applicable, costs, and all damages allowable by law and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

## COUNT II

### NEGLIGENCE OF PRINCESS BASED UPON ACTUAL AGENCY

Plaintiff, MIRIAM AMAYA, adopts and realleges each and every allegation contained in paragraphs (1) through (18) as though fully set forth herein and further alleges as follows:

//

19. At all times material hereto, the ship's physician(s) and other medical personnel who treated the Plaintiff or worked on the ship, were direct employees and/or actual agents of Defendant, PRINCESS, and were acting within the scope and course of their employment with PRINCESS when treating and/or interacting with the Plaintiff, or on her behalf.

20. The employment relationship existed as a result of a written agreement, which provided that Defendant, PRINCESS, had control over the duties and practice of the ship's physician(s) and medical personnel.

21. The control which created the employment relationship included, but was not necessarily limited to, the following:

(a) PRINCESS had the duty to hire and fire the shipboard physicians and medical staff;

(b) PRINCESS had the power to determine the working hours of the ship's physicians and other medical personnel;

(c) PRINCESS had the right to transfer its physicians and other medical personnel to and from any of its vessels at its discretion;

(d) While under contract to PRINCESS, the physicians and other medical personnel were not permitted to practice medicine either on their own or for any other entity;

(e) The subject physicians and medical personal conducted their practice onboard the vessel and within the medical center, which was provided by PRINCESS, including all equipment, medicines and facilities.

22. The Plaintiff, MIRIAM AMAYA, was charged for medical services as determined by Defendant, PRINCESS. None of the charges made to the Plaintiff, MIRIAM AMAYA, were received by the ship's physicians or other medical personnel, who were instead paid a salary by Defendant, PRINCESS, as their employees.

//

//

//

COMPLAINT FOR DAMAGES - Page 6

WHEREFORE, Plaintiff, MIRIAM AMAYA, demands judgment against Defendant, PRINCESS, for compensatory damages, including prejudgment interest, if applicable, costs, and all damages allowable by law and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

## COUNT III
## NEGLIGENCE OF PRINCESS BASED UPON APPARENT AGENCY

Plaintiff readopts and realleges each and every allegation contained in paragraphs (1) through (22) as though fully set forth herein, and further alleges as follows:

23.     At all times material, Defendant, PRINCESS, held out its medical staff, including its physicians and nurses, as being its employees who work in the Defendant's medical centers/facilities on the vessel. Defendant, PRINCESS, promotes its medical staff and represents them as being their employees through brochures, advertising, its websites, social media and on the vessel. Defendant, PRINCESS, held out its staff, including the ships physicians and medical personnel as being direct employees or its actual agents.

24.     Defendant, PRINCESS, promotes the idea that the medical staff who work in its medical centers/facilities are employed by the cruise line as part of a marketing tool to induce passengers such as the Plaintiff to buy cruises on its ships, particularly because the cruise line goes to various foreign ports which may not have adequate medical care.

25.     Defendant, PRINCESS, manifested to Plaintiff, MIRIAM AMAYA, in this case that its medical staff, including its shipboard physicians and nurses, were acting as its employees and/or actual agents in various ways, including, but not limited to, the following:

(a)     the physicians, nurses and medical personnel, both worked at what the Defendant describes in its advertising as its medical centers/facilities;

//

//

(b)    the medical centers/facilities are owned and operated by Defendant, PRINCESS, which pays to stock the medical centers/facilities with all supplies, various medicines, and equipment;

(c)    the passenger is billed directly by Defendant, PRINCESS, whereas the medical staff, including the physicians and nurses, are paid salaries by Defendant, PRINCESS, to work in the medical centers/facilities.

26.    The medical staff in this case, including its shipboard physicians and nurses, were given uniforms to wear which include name tags and which have Defendant's, PRINCESS, name and logo.  Said uniforms were required by Defendant, PRINCESS, to be worn by the physicians, nurses and medical personnel.

27.    The ship's physician is considered to be an officer onboard the vessel and a member of the crew and was introduced to the passengers as one of the ship's officers.

28.    Both the ship's physicians, nurses and medical personnel, were held out to the passengers by Defendant, PRINCESS, as being members of the ship's crew.

29.    Defendant, PRINCESS, put the ship's physicians, nurses and medical personnel, under the command of the ship's superior officers, including the master of the ship.

30.    The cruise line represents to immigration authorities that the physicians, nurses and medical personnel, are members of the ship's crew.

31.    The ship's physicians, nurses and medical personnel, are permitted to eat with the ship's crew.

32.    The ship's physicians, nurses and medical personnel, provide services in the ship's medical centers/facilities.  The Plaintiff, MIRIAM AMAYA, was required to go to the ship's medical center/facilities to be seen for her symptoms.

33.    At the time of Plaintiff, MIRIAM AMAYA's injury, Plaintiff was seen and examined by the ship's medical personnel, nurses and/or physicians.

//

34. Based on the foregoing, Plaintiff, MIRIAM AMAYA, believed, and was reasonable in her belief, that the ship's medical personnel, nurses and physicians were acting as direct employees or actual agents on behalf of Defendant, PRINCESS, and was never given any reason to believe otherwise.

35. As a result of Plaintiff, MIRIAM AMAYA's, reliance upon Defendant's, PRINCESS, medical staff, the Plaintiff's status was not properly diagnosed and/or managed and, as a result, Plaintiff's condition severely deteriorated and she has now sustained serious and permanent damages as heretofore described.

36. Defendant, PRINCESS, is liable to Plaintiff, MIRIAM AMAYA, for any and all damages as a result of negligent medical care by the ship's physicians, nurses and/or medical personnel, under the theory of apparent agency.

WHEREFORE, Plaintiff, MIRIAM AMAYA, demands judgment against Defendant, PRINCESS, for compensatory damages, including prejudgment interest, if applicable, costs, and all damages allowable by law and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

## COUNT IV
## CONSORTIUM CLAIM OF MARGARITO MARTINEZ

Plaintiff, MARGARITO MARTINEZ, readopts and realleges each and every allegation as though fully set forth herein, and further alleges as follows:

37. At all times material hereto, Plaintiff, MARGARITO MARTINEZ, was and is the lawful husband of Plaintiff, MIRIAM AMAYA.

//
//
//
//

COMPLAINT FOR DAMAGES - Page 9

38.     As a direct, proximate and foreseeable result of the negligence of Defendant, PRINCESS,  Plaintiff, MARGARITO MARTINEZ, has suffered and will continue to suffer the loss of his wife's services, support, consortium and the care and comfort of her society. WHEREFORE, Plaintiff, MARGARITO MARTINEZ, demands judgment against Defendant, PRINCESS, for compensatory damages, including prejudgment interest, costs, and all damages allowable by law and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

DATED:     April 27, 2023        By: /s/ Timothy J. Ryan, Esq.
                                       Timothy J. Ryan, Esq.
                                       Attorneys for Plaintiffs


**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial herein.

DATED:     April 27, 2023        By: /s/ Timothy J. Ryan, Esq.
                                       Timothy J. Ryan, Esq.
                                       Attorneys for Plaintiffs

LAW OFFICES

# KRUPNICK CAMPBELL MALONE
# BUSER SLAMA HANCOCK

A PROFESSIONAL ASSOCIATION



JON E. KRUPNICK
KEVIN A. MALONE
JOSEPH J. SLAMA ■+
KELLY D. HANCOCK □✧○
KELLEY B. STEWART ○
CARLOS A. ACEVEDO □ ✧
CHRIS W. ROYER ⸪
BLAKE V. DOLMAN

———

THOMAS E. BUSER ■
OF COUNSEL
WALTER G. CAMPBELL, JR.
1948-2018

12 SOUTHEAST 7TH STREET
SUITE 801
FORT LAUDERDALE, FLORIDA 33301

———

TELEPHONE (954) 763-8181
TOLL FREE (877) 763-8181
FACSIMILIE (954) 763-8292
WWW.KRUPNICKLAW.COM

RANDALL A. DIEZ, JR.
JUSTIN D. BAILEY
AMADA F. MARTINEZ

———

■ BOARD CERTIFIED CIVIL TRIAL LAWYER
□ ADMITTED IN NY
✧ ADMITTED IN DISTRICT OF COLUMBIA
○ ADMITTED IN NORTH CAROLINA
+ ADMITTED IN TEXAS
○ ADMITTED IN WASHINGTON
⸪ ADMITTED IN VIRGINIA

October 14, 2022

**VIA REGULAR AND CERTIFIED MAIL** 7020 0640 0001 0992 2277
**RETURN RECEIPT REQUESTED**
**FAX 661-259-3108**
Princess Cruise Lines, Ltd.
24305 Town Center Drive
Santa Clarita, CA 91355
661-753-0000

Re:   **Miriam Amaya v. Princess Cruise Lines, Ltd.**
      Date of Loss: May 7, 2022

To Whom It May Concern:

Please be advised that Miriam Amaya named above and her husband, Margarito Martinez, are represented by this Law Firm for damages arising out of personal injuries resulting from an incident which occurred on or about **May 7, 2022** while they were ticketed passengers on board Princess Cruise Lines, Ltd. "Princess Cruises" Ship known as the "**Regal Princess**" departing out of Rome, Italy.

On May 4, 2022, while still in Florida, Mrs. Amaya received a Cortisone Injection in her Right Knee from her doctor, who recommended receiving said injection prior to her cruise. Mrs. Amaya arrived in Italy on May 5, 2022 and during her tour of Rome, she began to feel a tingling sensation in her right knee. The next day, she bumped her right knee on the edge of the toilet in her hotel room. Upon waking the next morning, she felt pain in her right knee, but was able to walk on board the "Regal Princess" on May 7, 2022 and embark on her dream cruise vacation.

During her cruise, Mrs. Amaya had several encounters with the ship's on board medical center. The first encounter was on May 8, 2022 where she was seen at the medical center and was told it was probably just arthritis and everything looked "OK". Mrs. Amaya bought a walking cane to take some weight off of her knee and took the "red bus" tour. Later that day, after her tour, she rented a wheelchair and took some anti-inflammatory medication. The following day, she rested her knee.

COMPOSITE EXHIBIT "A"

On May 10, 2022, Mrs. Amaya woke up in pain and was seen by the ship's medical center, where the staff told her to continue to take the anti-inflammatory medication.

On May 11, 2022, she arrived in Ephesus/Kasudasi, Turkey and was not allowed to disembark the ship, despite her request to seek shore-based care for her knee.

On May 12, 2022, Mrs. Amaya arrived in Istanbul, Turkey, disembarked and with her husband, tried to take a taxi to a medical facility in Istanbul, but because of the language barrier and heavy traffic, was not able to be seen and returned to the ship via wheelchair.  Upon return, Mrs. Amaya, went back to the ship's medical center and explained what happened and advised she could no longer tolerate the pain.  The ship's medical center stated they did not accept her travel insurance and stated they could not visibly see anything wrong with her right knee.

On May 13, 2022, Mrs. Amaya arrived in Mykonos, Greece and was referred by her travel insurance to see Dr. Loukas Konstantinou at a trauma care clinic.  Dr. Konstantinou took x-rays of her right knee, stated there was no fracture and to "keep an eye on it".

On May 14, 2022, Mrs. Amaya and her husband spent most of their day trying to book a flight home from Athens, Greece to the United States.  She was also told by the ship's Guest Services, that she would not be allowed to disembark and fly home, without first obtaining permission from the ship physician.

On May 15, 2022, at approximately 8:00 AM, Mrs. Amaya was finally seen by the ship physician (her first encounter with a doctor on board), who told her she needed to be seen by an orthopedic surgeon immediately, that she had a very serious infection, started her on an antibiotic and began the process for clearance to disembark and travel to the airport to Barcelona, Spain. However, upon arriving in Barcelona, Mrs. Amaya was transported immediately from the airport to a hospital in Barcelona, due to her condition, where she was told she had a severe infection and developed cellulitis and sepsis due to improper medical attention and delay of proper care and treatment.

On May 16, 2022, Mrs. Amaya underwent lengthy surgery to clean and drain the bacteria and received over 40 stiches to her knee and calf area.  The infection affected the muscle in her calf and a part of this area was removed due to gangrene.  After spending several weeks in the hospital in Barcelona, Mrs. Amaya finally arrived home in Florida on June 10, 2022, still in pain and taking antibiotics.

On June 15, 2022, Mrs. Amaya was again admitted to her local hospital with blood clots and sepsis in her knee and a PICC Line (Peripherally Inserted Central Catheter) was inserted to begin administering antibiotics. After June 15, 2022, Mrs. Amaya was seen by several specialists at the Mayo Clinic in Jacksonville, Florida and on July 22, 2022 underwent another surgery to insert a spacer in the knee to help eliminate bacteria in the bone. Presently, Mrs. Amaya is participating in a physical therapy program 3 times per week and is being monitored by her infectious disease doctor. Mrs. Amaya's medical expenses and damages are continuing, with no end in sight.

COMPOSITE EXHIBIT "A"

Please notify your insurance carrier of this letter and request them to contact the undersigned attorney concerning this matter. This correspondence is designed to comply with the notice requirements contained within the **Princess Cruise Lines, Ltd. Passage Contract, specifically Section 17 (A)**.

Please also accept this letter as our notice to Princess Cruises, and its employees, servants, and agents, to preserve **any and all records, documents, items and/or files whether handwritten, computer generated or otherwise, regarding this incident, including but not limited to correspondence, emails, text messages, voice mails or telephone logs, must be preserved by you and should not be destroyed, altered or changed in any fashion**. These items should be safeguarded to protect them from the elements and not altered in any way. We are placing you on notice that the above items must be preserved by you and should not be destroyed, altered or changed. The items in your possession and/or control may be crucial evidence to Mrs. Amaya's claim. Princess Cruises must also prevent any and all other individuals or entities from destroying, altering, or changing any item in this matter. Please make every effort to preserve any item relevant to this matter.

Please also accept this letter as our notice to Princess Cruises, and its employees, servants, and agents, to preserve all videos and photographs, including cell phone recordation and/or any photographs or video of Mrs. Amaya and her husband during the time period of May 7, 2022 to and including the date of disembarkment; and any and all statements of witnesses, passengers, crew, Princess Cruises personnel, and any and all records, documents, e-mails, electronic data records, etc. related in any way to this accident, Mrs. Amaya's injuries and her care and treatment aboard the "Regal Princess".

In addition, while we appreciate that Princess Cruises understands its obligations and those of its agents, servants, employees, and investigators to preserve any ESI in its possession, custody, or control that could be relevant to the claims or defenses of the parties in anticipation of litigation, we also reiterate our admonition that Princess Cruises takes and continue to takes all measures necessary to prevent automatic deletion of ESI, including the materials identified above, as well as emails, text messages, voice messages, or other communications of any kind in the possession, custody, or control of Princess Cruises, its agents, servants, or employees, including third-party cloud-based vendors such as Microsoft, that may host and/or store emails or other ESI, cell phones, personal computers, tablets, and other devices of any Princess Cruises employees, servants, or agents must be protected and preserved. Princess Cruises' IT personnel or contractors should be advised to place mailbox holds and/or litigation holds on all emails, text messages, voicemails and other ESI of any employees, servants, or agents regarding or relating to claims or defenses in anticipated litigation regarding this incident.

Thank you for your anticipated prompt attention to this matter.

Very truly yours,

Christopher W. Royer

CWR/lcb

3

COMPOSITE EXHIBIT "A"

LAW OFFICES

# KRUPNICK CAMPBELL MALONE
# BUSER SLAMA HANCOCK

A PROFESSIONAL ASSOCIATION



JON E. KRUPNICK
KEVIN A. MALONE
JOSEPH J. SLAMA ■ +
KELLY D. HANCOCK □ ❖ ☉
KELLEY B. STEWART ☉
CARLOS A. ACEVEDO □ ❖
CHRIS W. ROYER ♣
BLAKE V. DOLMAN

———

THOMAS E. BUSER ■
OF COUNSEL
WALTER G. CAMPBELL, JR.
1948-2018

12 SOUTHEAST 7TH STREET
SUITE 801
FORT LAUDERDALE, FLORIDA 33301

———

TELEPHONE (954) 763-8181
TOLL FREE (877) 763-8181
FACSIMILIE (954) 763-8292
WWW.KRUPNICKLAW.COM

RANDALL A. DIEZ, JR.
JUSTIN D. BAILEY
AMADA F. MARTINEZ

———

■ BOARD CERTIFIED CIVIL TRIAL LAWYER
□ ADMITTED IN NY
❖ ADMITTED IN DISTRICT OF COLUMBIA
☉ ADMITTED IN NORTH CAROLINA
+ ADMITTED IN TEXAS
☉ ADMITTED IN WASHINGTON
♣ ADMITTED IN VIRGINIA

October 17, 2022

**HAND-DELIVERY VIA PROCESS SERVER**
**and VIA CERTIFIED MAIL / RRR** 7020 0640 0001 0992 2284
Princess Cruise Lines, Ltd.
c/o Registered Agent - CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

      **Re:**    **Miriam Amaya v. Princess Cruise Lines, Ltd.**
                **Date of Loss: May 7, 2022**

To Whom It May Concern:

Please be advised that Miriam Amaya named above and her husband, Margarito Martinez, are represented by this Law Firm for damages arising out of personal injuries resulting from an incident which occurred on or about **May 7, 2022** while they were ticketed passengers on board Princess Cruise Lines, Ltd. "Princess Cruises" Ship known as the "**Regal Princess**" departing out of Rome, Italy.

On May 4, 2022, while still in Florida, Mrs. Amaya received a Cortisone Injection in her Right Knee from her doctor, who recommended receiving said injection prior to her cruise. Mrs. Amaya arrived in Italy on May 5, 2022 and during her tour of Rome, she began to feel a tingling sensation in her right knee. The next day, she bumped her right knee on the edge of the toilet in her hotel room. Upon waking the next morning, she felt pain in her right knee, but was able to walk on board the "Regal Princess" on May 7, 2022 and embark on her dream cruise vacation.

During her cruise, Mrs. Amaya had several encounters with the ship's on board medical center. The first encounter was on May 8, 2022 where she was seen at the medical center and was told it was probably just arthritis and everything looked "OK". Mrs. Amaya bought a walking cane to take some weight off of her knee and took the "red bus" tour. Later that day, after her tour, she rented a wheelchair and took some anti-inflammatory medication. The following day, she rested her knee.

<span style="color:red">COMPOSITE EXHIBIT "A"</span>

On May 10, 2022, Mrs. Amaya woke up in pain and was seen by the ship's medical center, where the staff told her to continue to take the anti-inflammatory medication.

On May 11, 2022, she arrived in Ephesus/Kasudasi, Turkey and was not allowed to disembark the ship, despite her request to seek shore-based care for her knee.

On May 12, 2022, Mrs. Amaya arrived in Istanbul, Turkey, disembarked and with her husband, tried to take a taxi to a medical facility in Istanbul, but because of the language barrier and heavy traffic, was not able to be seen and returned to the ship via wheelchair. Upon return, Mrs. Amaya, went back to the ship's medical center and explained what happened and advised she could no longer tolerate the pain. The ship's medical center stated they did not accept her travel insurance and stated they could not visibly see anything wrong with her right knee.

On May 13, 2022, Mrs. Amaya arrived in Mykonos, Greece and was referred by her travel insurance to see Dr. Loukas Konstantinou at a trauma care clinic. Dr. Konstantinou took x-rays of her right knee, stated there was no fracture and to "keep an eye on it".

On May 14, 2022, Mrs. Amaya and her husband spent most of their day trying to book a flight home from Athens, Greece to the United States. She was also told by the ship's Guest Services, that she would not be allowed to disembark and fly home, without first obtaining permission from the ship physician.

On May 15, 2022, at approximately 8:00 AM, Mrs. Amaya was finally seen by the ship physician (her first encounter with a doctor on board), who told her she needed to be seen by an orthopedic surgeon immediately, that she had a very serious infection, started her on an antibiotic and began the process for clearance to disembark and travel to the airport to Barcelona, Spain. However, upon arriving in Barcelona, Mrs. Amaya was transported immediately from the airport to a hospital in Barcelona, due to her condition, where she was told she had a severe infection and developed cellulitis and sepsis due to improper medical attention and delay of proper care and treatment.

On May 16, 2022, Mrs. Amaya underwent lengthy surgery to clean and drain the bacteria and received over 40 stiches to her knee and calf area. The infection affected the muscle in her calf and a part of this area was removed due to gangrene. After spending several weeks in the hospital in Barcelona, Mrs. Amaya finally arrived home in Florida on June 10, 2022, still in pain and taking antibiotics.

On June 15, 2022, Mrs. Amaya was again admitted to her local hospital with blood clots and sepsis in her knee and a PICC Line (Peripherally Inserted Central Catheter) was inserted to begin administering antibiotics. After June 15, 2022, Mrs. Amaya was seen by several specialists at the Mayo Clinic in Jacksonville, Florida and on July 22, 2022 underwent another surgery to insert a spacer in the knee to help eliminate bacteria in the bone. Presently, Mrs. Amaya is participating in a physical therapy program 3 times per week and is being monitored by her infectious disease doctor. Mrs. Amaya's medical expenses and damages are continuing, with no end in sight.

2

COMPOSITE EXHIBIT "A"

Please notify your insurance carrier of this letter and request them to contact the undersigned attorney concerning this matter. This correspondence is designed to comply with the notice requirements contained within the **Princess Cruise Lines, Ltd. Passage Contract, specifically Section 17 (A).**

Please also accept this letter as our notice to Princess Cruises, and its employees, servants, and agents, to preserve any and all records, documents, items and/or files whether handwritten, computer generated or otherwise, regarding this incident, including but not limited to correspondence, emails, text messages, voice mails or telephone logs, must be preserved by you and should not be destroyed, altered or changed in any fashion. These items should be safeguarded to protect them from the elements and not altered in any way. We are placing you on notice that the above items must be preserved by you and should not be destroyed, altered or changed. The items in your possession and/or control may be crucial evidence to Mrs. Amaya's claim. Princess Cruises must also prevent any and all other individuals or entities from destroying, altering, or changing any item in this matter. Please make every effort to preserve any item relevant to this matter.

Please also accept this letter as our notice to Princess Cruises, and its employees, servants, and agents, to preserve all videos and photographs, including cell phone recordation and/or any photographs or video of Mrs. Amaya and her husband during the time period of May 7, 2022 to and including the date of disembarkment; and any and all statements of witnesses, passengers, crew, Princess Cruises personnel, and any and all records, documents, e-mails, electronic data records, etc. related in any way to this accident, Mrs. Amaya's injuries and her care and treatment aboard the "Regal Princess".

In addition, while we appreciate that Princess Cruises understands its obligations and those of its agents, servants, employees, and investigators to preserve any ESI in its possession, custody, or control that could be relevant to the claims or defenses of the parties in anticipation of litigation, we also reiterate our admonition that Princess Cruises takes and continue to takes all measures necessary to prevent automatic deletion of ESI, including the materials identified above, as well as emails, text messages, voice messages, or other communications of any kind in the possession, custody, or control of Princess Cruises, its agents, servants, or employees, including third-party cloud-based vendors such as Microsoft, that may host and/or store emails or other ESI, cell phones, personal computers, tablets, and other devices of any Princess Cruises employees, servants, or agents must be protected and preserved. Princess Cruises' IT personnel or contractors should be advised to place mailbox holds and/or litigation holds on all emails, text messages, voicemails and other ESI of any employees, servants, or agents regarding or relating to claims or defenses in anticipated litigation regarding this incident.

Thank you for your anticipated prompt attention to this matter.

Very truly yours,

Christopher W. Royer

CWR/lcb

3

COMPOSITE EXHIBIT "A"